

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-25-2004

# Chen v. Atty Gen US

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2978

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Chen v. Atty Gen US" (2004). *2004 Decisions.* Paper 982.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/982

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2978

GUI CHUN CHEN,
Petitioner

v.

JOHN ASHCROFT,
Attorney General of the United States,
Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A73-046-823)

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2003

Before: SCIRICA, *Chief Judge*, RENDELL and AMBRO, *Circuit Judges*

(Filed: February 25, 2004)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Deportation proceedings were initiated under 8 U.S.C. § 1251(a)(1)(A) against Gui Chun Chen, a native citizen of China who entered the United States illegally. The Immigration Judge found Chen removable and denied his application for asylum, withholding of removal, and voluntary departure. On June 19, 2002, the Board of Immigration Appeals issued an affirmance without opinion. Chen filed this petition for review. We held the case c.a.v., pending the outcome of *Dia v. Ashcroft*, 353 F.3d 228 (3d Cir. 2003) (en banc). Under *Dia*, we will deny Chen's petition and affirm the BIA's order.

## I

On July 24, 1996, the INS issued an order to show cause, charging Chen as deportable for having entered the United States without authorization. Chen sought relief in the form of political asylum, withholding of removal, or alternatively, voluntary departure. Chen based his application for asylum on China's coercive population control.

The Immigration Judge found Chen's testimony "inconsistent with the written applications and question[ed] the credibility of [Chen's] claim." Accordingly, the Immigration Judge denied all of Chen's claims for relief. Chen appealed to the BIA, and under the streamlining provisions of 8 C.F.R. § 1003.1(a)(7), it affirmed the Immigration Judge's decision without opinion, stipulating that the Immigration Judge's decision was the final agency determination.

Chen appeals challenging the legality of the streamlining regulations and questioning whether it was lawful for the BIA to decide to affirm the Immigration Judge's order without opinion for his case.[1]

## II

Chen challenges the streamlining regulations' affirmance without opinion procedures. *See* 8 C.F.R. § 1003.1(a)(7). We upheld the validity of the streamlining provisions in *Dia*, 353 F.3d at 245 ("[T]he streamlining provisions and the BIA's issuance of an [affirmance without opinion] . . . did not violate either the INA or the Constitution."). We further held: "[T]he fact that the review is done by one member of the BIA and that the decision is not accompanied by a fully reasoned BIA decision may be less desirable from the petitioner's point of view, but it does not make the process constitutionally 'unfair.'" *Id.* at 243-44. Accordingly, Chen's facial challenge to the streamlining provision fails.[2]

## III

Chen urges us to review whether it was lawful for the BIA to streamline his case. The BIA's decision to apply the streamlining regulations to a particular case is a matter committed to its discretion. But where the BIA adopts the Immigration Judge's decision

---

[1]We have jurisdiction over orders of removal under 8 U.S.C. § 1252.

[2]To prevail in a facial challenge to a regulation, a petitioner "must establish that no set of circumstances exists under which the [regulation] would be valid." *Reno v. Flores*, 507 U.S. 292, 301 (1993) (internal quotation omitted).

3

as its own, we review the merits by reviewing the Immigration Judge's decision as the final decision of the agency. *See Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002).[3]

The Immigration Judge's determination that Chen was not eligible for asylum must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (internal quotation omitted). Under this deferential standard, the findings must be upheld unless the evidence not only supports a contrary conclusion, "but *compels* it." *Id.* at n.1 (emphasis in original). Pure questions of law concerning the INA are reviewed *de novo*. *Ladha v. INS*, 215 F.3d 889, 896 (9th Cir. 2000). Alleged due process violations are also reviewed *de novo*. *Castillo-Perez v. INS*, 212 F.3d 518, 523 (9th Cir. 2000).

Here, the record shows that the Immigration Judge's findings are supported by substantial evidence, and his legal conclusions are correct. Particularly, the record supports the Immigration Judge's conclusions that Chen failed to establish that his wife had been forcibly sterilized. The record also supports the finding of certain inconsistencies in Chen's application and testimony. Moreover, there is no evidence that

---

[3]As the Seventh Circuit noted, "[I]t makes no practical difference whether the BIA properly or improperly streamlined review of [petitioner's] case. Since we review directly the decision of the [immigration judge] when a case comes to us from the BIA pursuant to § 1003.1(a)(7), our ability to conduct a full and fair appraisal of the petitioner's case is not compromised, and the petitioner's due process rights are not violated." *Georgis v. Ashcroft*, 328 F.3d 962, 967 (7th Cir. 2003) (footnote omitted).

4

the Immigration Judge violated Chen's due process rights by failing to adequately consider all relevant documentary evidence. We find no error.

**IV**

For the foregoing reasons, we will deny Chen's petition and affirm the BIA's order.